IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AMILCAR HERNANDEZ CONTRERAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:25-cv-2053 (LMB/WBP) |
| | ) | |
| TODD M. LYONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

Petitioner Amilcar Hernandez Contreras ("Contreras"), a native and citizen of Honduras, has filed a three-count Amended Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since November 11, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I), the bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II), and his due process rights (Count III).

Contreras is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Contreras has also sued Todd M. Lyons, the Acting Director of ICE; Joseph Simon, the Acting Field Office Director of the Washington Field Office of ICE's Enforcement and Removal Operations division; Kristi Noem, the DHS Secretary; the DHS; Pamela Bondi, the Attorney General; the Executive Office for Immigration Review ("EOIR"); and Jeffrey Dillman, the Superintendent of the Riverside Regional Jail, where petitioner was initially

detained (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Contreras is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted as to Count III, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Contreras "has resided in the United States since 2000" and currently lives in Laurel, Maryland. [Dkt. No. 5] at ¶ 47. Contreras has three U.S. citizen children, who are eight, twelve, and fifteen years old. Id. at ¶ 51. His youngest child "has medical issues and educational disabilities." Id. Contreras "does not have a criminal record" and works in air conditioning maintenance. Id. at ¶¶ 52-53. He hopes to pursue immigration relief through an EOIR-42 cancellation of removal application. Id. at ¶ 50.

On November 11, 2025, Contreras was apprehended by ICE at a checkpoint when he was on his way to work and was initially detained at the Riverside Regional Jail in North Price George, Virginia. Id. at ¶ 48. Contreras was subsequently transferred to the Farmville Detention Center. Id. Contreras alleges that following his arrest and detention at the Riverside Regional Jail, ICE "issued a custody determination to continue [his] detention without an opportunity to post bond or be released on other conditions." Id. at ¶ 54.

Contreras filed his Petition for Writ of Habeas Corpus on November 15, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this

_____

[1] Because the Court is granting relief on due process grounds, it need not address Contreras' arguments under the INA or the bond regulations at at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.

Petition do not differ in any material fashion from those presented in <u>Ceba Cinta v. Noem, et al.,</u> 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between <u>Ceba Cinta</u> and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a notice stating that "the facts and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in <u>Ceba Cinta</u>" and requesting that this Court "incorporate the filings in <u>Ceba Cinta</u> into the record of this habeas action." [Dkt. No. 3] at 1. Contreras then filed an amended Petition to add respondent Jeffrey Crawford after Contreras was transferred to the Farmville Detention Center. <u>See generally,</u> [Dkt. No. 5]. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Contreras' Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their <u>Ceba Cinta</u> opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." <u>Ceba Cinta v. Noem, et al.,</u> 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. <u>Id.</u> Therefore, they argue that because Contreras has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). <u>Id.</u>

3

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as multiple district courts throughout the country have found,[2] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons, et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released

---

[2] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

on his own recognizance); <u>Diaz Gonzalez v. Lyons, et al.</u>, 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); <u>Gomez Alonzo v. Simon, et al.</u>, 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released on a $1,500 bond); <u>Perez Bibiano v. Lyons, et al.</u>, 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); <u>Guerra Leon v. Noem, et al.</u>, 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); <u>Melendez v. U.S. Immigr. & Customs Enf't, et al.</u>, 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); <u>Sanchez Saire v. Elliston, et al.</u>, 1:25-cv-1808-LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 4, 2024) (released on a $1,500 bond); <u>Ortiz Martinez v. Noem, et al.</u>, 1:25-cv-1816-LMB-WEF, Dkt. No. 16 (E.D. Va. Nov. 4, 2025) (released on a $5,000 bond); <u>Zelaya Arias v. Lyons, et al.</u>, 1:25-cv-1892-LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 19, 2025) (released on a $8,000 bond); <u>Maya Torres v. Crawford, et al.</u>, 1:25-cv-1891-LMB-LRV, Dkt. No. 12 (E.D. Va. Nov. 17, 2025) (released on his own recognizance). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Contreras has been present in the United States since 2000. [Dkt. No. 5] at ¶ 47. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 303 (2018), Contreras' detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Contreras' continued detention is unlawful.

III.

For all the reasons stated above, Contreras' Petition [Dkt. No. 5] is GRANTED, and it is hereby

ORDERED that Contreras be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge.  Contreras must live at a fixed address which he must provide to the federal respondents, and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Contreras with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Contreras on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Contreras is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[3]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Contreras has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Contreras' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 20th day of November, 2025.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

---

[3] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

6